## *In re* OPINION OF JUDGES.

Act Cong. Oct. 1, 1890, granted lands to the state to be used as a permanent camp and parade ground, and for such other purposes, in connection with the training and education of the militia, as the legislature may direct, the lands to revert to the United States when the state shall cease to use them for such purposes. *Held* that, in the absence of legislative provision, such lands are in the care and control of the governor, as commander in chief of the military forces of the state.

(Opinion filed April 14, 1900.)

*To His Excellency, Andrew E. Lee, Governor of the State of South Dakota:*

SIR: We have the honor to acknowledge the receipt of your communication of April 11th, 1900, in which you request an opinion of the judges of the supreme court, under the provisions of Section 13, Art. 5, of the state constitution, upon the question as to what department of the state has the care and control of the section of land formerly constituting a part of the Ft. Sisseton military reservation, granted to the State of South Dakota by the act of congress approved October 1, 1889. In answer thereto we most respectfully submit the following reply: The grant of the section of land you refer to reads as follows: "That there is hereby granted to the State of South Dakota one Section of land of the Fort Sisseton military reservation, upon which the buildings used in connection with said fort are situated, to be used by said state as a permanent camp and parade ground, and for such other purposes in connection with the training and education of the militia of the State, as the legislature may direct. * * * Provided, however, that whenever the State of South Dakota shall cease to use said lands for the purposes herein named, said lands shall revert to and become the property of the United States." Act Cong. Oct. 1, 1890. The grant, it will be observed, is not absolute, but conditional, and provides that, whenever the state shall cease to use said lands for the purposes therein named, the same shall revert to the United States. The legislature has not thus far enacted any law with reference to this section of land. The grant under consideration is not included within the provisions of Chapter 136 of the Laws of 1890, for the reason that that chapter evidently refers to lands granted to the

state absolutely, and subject to lease and sale as therein provided. In the absence of any law upon the subject, we are inclined to the view that this tract of land is under the care and control of the governor of the state by virtue of his power as commander in chief of the military forces of the state. Section 4, Art. 4, of the State Constitution provides: "The governor shall be commander in chief of the military and naval forces of the state, except when they shall be called into the service of the United States, and may call out the same to execute the laws, suppress insurrection and repel invasion." The grant of the section in controversy having been made to the state as a permanent camp and parade ground, and for such other purposes in connection with the training and education of the militia of the state as the legislature may direct, it would seem that until the legislature makes other provisions (and as to its powers in this respect we express no opinion), this tract of land remains under the control of the governor as a camp and parade ground.

Very respectfully yours,

H. G. FULLER,

D. HANEY,

D. CORSON,

Judges of the supreme court<br>of South Dakota.